

## Court Of Appeals
### Fourth Court of Appeals District of Texas
#### San Antonio

★ ★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00176-CR

Ray **OBAYA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-9915C
Honorable Pat Priest[1], Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   May 20, 2009

DISMISSED

     Ray Obaya pleaded nolo contendere to burglary of a building with intent to commit theft. As

part of his plea bargain, Obaya signed a waiver of his right to appeal. The trial court imposed

sentence in accordance with the agreement and signed a certificate stating that this "is a plea-bargain

---

[1] Sitting by assignment

case, and the defendant has NO right of appeal." Obaya timely appealed the judgment. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave Obaya notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Obaya's appointed appellate counsel filed a written response, stating she has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that Obaya does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish